UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SCOTT WALKER,<br><br>    Defendant. | Case No. 96-cr-40094-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Scott Walker's ("Walker") motion for the Court to ask the Court of Appeals to recall the mandate in Walker's criminal case (Doc. 522). In April 1999, the Court sentenced Walker to a life sentence based on a mandatory sentence under the United States Sentencing Guidelines. This was prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), which declared the guidelines to be advisory, not mandatory. Walker believes now that in light of *Booker* the Court of Appeals should recall the mandate, vacate his sentence, and allow the Court to resentence him using the sentencing guidelines as advisory, not mandatory. A District Court judge in the Ninth Circuit made "an impassioned plea" to the Ninth Circuit Court of Appeals to recall its mandate in similar circumstances, and in *Carrington v. United States*, 470 F.3d 920 (9th Cir. 2006), the Court of Appeals acceded to the request and allowed the District Court to resentence the defendant using advisory sentencing guidelines.

The Seventh Circuit Court of Appeals has rejected the notion that a mandate should be recalled to allow a defendant sentenced before a landmark sentencing decision to do an end run around the restrictions on successive motions under 28 U.S.C. § 2255 in order to take advantage of the decision's holding. *See United States v. Ford*, 383 F.3d 567, 568 (7th Cir. 2004)

(considering recalling a mandate in light of *Blakely v. Washington*, 542 U.S. 296 (2004)).  Thus, the Seventh Circuit Court of Appeals has announced that "it is proper to recall the mandate only if we would authorize a second or successive collateral attack under 28 U.S.C. § 2244(b) and § 2255 ¶ 8." *Id*.  The Court does not believe that a second or successive petition would be authorized in this case, although that question is ultimately for the Court of Appeals to decide.  Walker has presented no compelling reason for this Court to ask the Court of Appeals to change its position in his case.  The Court expressed its opinion on Walker's sentence at the sentencing hearing.  This is truly an unfortunate situation for Walker, for if he were sentenced for the same crimes under today's criteria, this Court would not have imposed a life sentence under the facts of his case when considering the now advisory guidelines and the factors in 18 U.S.C. §3553(a).  Having said this, however, the law of this Circuit is not on Walker's side, for he is not entitled to relief under *Booker* or any grounds raised.

For the foregoing reasons, the Court **DENIES** Walker's motion (Doc. 522).

**IT IS SO ORDERED.**
**DATED:  February 7, 2007**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**