UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>SCOTT WALKER,<br><br>      Defendant. | Case No. 96-cr-40094-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Scott Walker's ("Walker") motion for reconsideration (Doc. 528) of the Court's February 7, 2007, order (Doc. 523) denying his request for this Court to ask the Court of Appeals to recall the mandate in Walker's criminal case. Walker placed the motion into the prison mail system on February 20, 2007, within ten days of the entry of the Court's order, so under the mailbox rule of *Houston v. Lack*, 487 U.S. 266, 276 (1988), it is deemed filed on February 20, 2007. *See Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001) (applying the "mailbox rule" to motions for reconsideration). Because it is a substantive motion for reconsideration filed within ten days of entry of the order sought to be reconsidered, the Court construes it as a motion pursuant to Rule 59(e) to alter or amend a judgment. *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992).

As a preliminary matter, the Court must address its jurisdiction to decide the Rule 59(e) motion. On February 16, 2007,[1] Walker filed a timely notice of appeal from the Court's February 7 order that he now asks the Court to reconsider. Ordinarily, a notice of appeal

---

[1] Again, the "mailbox rule" dictates that the notice of appeal is deemed filed February 16, 2007, when Walker placed it in the prison mail system, not on February 23, 2007, when it was docketed by the District Court. Fed. R. App. P 4(c)(1).

"divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *accord May v. Sheahan*, 226 F.3d 876, 879 (7th Cir. 2000). However, where a party files a timely notice of appeal *and* a timely Rule 59(e) motion, the notice becomes effective only after the order disposing of the Rule 59(e) motion. Fed. R. App. P. 4(a)(4)(B)(i); *see Katerinos v. United States Dep't of Treasury*, 368 F.3d 733, 737 (7th Cir. 2004). "A notice filed before the filing of [a Rule 59(e) motion to alter or amend a judgment] . . . is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals." Fed. R. App. P. 4 advisory committee's note to 1993 amendment; *see* Fed. R. App. P. 4(a)(4)(A)(iv); 12 James W. Moore *et al.*, *Moore's Federal Practice* § 59.32[3] (3d ed. 2006). As a consequence, the Court has jurisdiction to decide this motion despite Walker's timely notice of appeal.

The Court now turns to the substance of Walker's Rule 59(e) motion. Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) ; *Divane v. Krull Elec. Co.*, 194 F.3d 845, 848 (7th Cir. 1999). Walker believes the Court erred in its order by relying on *United States v. Ford*, 383 F.3d 567, 568 (7th Cir. 2004), *cert. denied*, 543 U.S. 1074 (2005), to determine when a plea to recall a Court of Appeals mandate is appropriate. He has not convinced the Court, however, that this reliance amounted to a manifest error of fact or law or that amendment of the Court's order is needed to prevent a manifest injustice. For this reason, the Court **DENIES** the motion for reconsideration (Doc. 528) and **DIRECTS** the Clerk of Court

to send a copy of this order to the Court of Appeals.

**IT IS SO ORDERED.**
**DATED:  March 5, 2007**

                                                 s/ J. Phil Gilbert
                                                 **J. PHIL GILBERT**
                                                 **DISTRICT JUDGE**